# Exhibit A

**IN THE DISTRICT COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF CLARK**

| | |
|---|---|
| NATHEN BARTON, | Case No.: |
| Plaintiff | ORIGINAL COMPLAINT FOR A |
| v. | CIVIL CASE AND INJUNCTIVE |
| | RELIEF |
| Digital Thrive, LLC, Jennifer Mansfield, | |
| Paul Mansfield, and John Does 1-10. | Jury Trial: ☒ Yes ☐ No |
| Defendants. | |

## I.     THE NATURE OF THE ACTION

16 CFR Part §310.2(dd) defines "Seller" as

"any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration."

16 CFR Part §310.2(ff) defines "Telemarketer" as

"any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor"

1    Plaintiff Nathen Barton is a natural person and resident of Clark County, Washington.  The

2  majority, if not all, of the telemarketing calls specifically alleged in this complaint were received

3  in Clark County, Washington State, during the year 2021.

4    All the telemarketing calls specifically alleged in this complaint were made to one phone

5  number that is assigned to Plaintiff in exchange for a monthly service fee.

6    Digital Thrive LLC "Digital Thrive" was acting as the Telemarketer for a Seller.

7  Plaintiff's phone number at issue was on the internal do-not-call list for that Seller.  Digital

8  Thrive had or should have had Plaintiff's phone number at issue on their internal do-not-call list

9  for any calls they wanted to place for the Seller.  Digital Thrive knew or should have known to

10  not call Plaintiff.

11    ## II.    THE PARTIES TO THIS COMPLAINT

12    Plaintiff Nathen Barton resides at 4618 NW 11th Cir, Camas WA 98607, inside the

13  bounds of Clark County, Washington State.

14    Defendant Digital Thrive LLC, ("Digital Thrive") is a Texas company with principal

15  address of 1700 S. Lamar BLVD, Austin TX 78704-8962.

16    Digital Thrive's Texas State registered agent is Jennifer M. Mansfield, with the address

17  of 1910 Anita Dr, Austin TX 98704.

18    Party Jennifer Mansfield has address 1910 Anita Dr, Austin TX 98704.

19    Party Paul Mansfield has address 1910 Anita Dr, Austin TX 98704.

20    ## III.    BASIS FOR JURISDICTION

21    Plaintiff Nathen Barton is a natural person and resident of Clark County, Washington.  The

22  majority of the acts alleged in this complaint occurred in Clark County, Washington State, during

23  the year 2021.

24

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE    - 2 / 25        NATHEN BARTON
BARTON V DIGITAL THRIVE LLC ET AL                                 4618 NW 11TH CIR
                                                                  CAMAS WA 98607

1    Digital Thrive placed calls for a Seller who knew Plaintiff's phone number and home

2    address.  As the Seller's Telemarketer, Digital Thrive knew or should have known Plaintiff

3    resides in this jurisdiction.

4    Jurisdiction in this court is also correct because of where Plaintiff resides, and his

5    residence is a nexus where Plaintiff suffered personal injury and invasion of privacy at the hands

6    of the Defendants.  As the telephone callers, they avail themselves of doing business in this

7    County, and they should expect to be subject to the jurisdiction of this Court.

8    Washington State has long held that a party availing themselves of the privilege of

9    conducting activities inside of Washington State is subject to the jurisdiction of Washington

10    State.  See *Cofinco of Seattle, Ltd. v. Weiss*, 25 Wash.App. 195, 196, 605 P.2d 794 (1980).

11    The Defendants need not physically visit Washington.  The internet and the telephone

12    allow anyone in one state to do business in all others.  In a case decided before "internet" was a

13    word, our Washington Supreme Court recognized that jurisdiction may be established by

14    "affirmative acts taking place here by which the out-of-state resident overtly submits to

15    jurisdiction".  *Griffiths & Sprague Stevedoring Co. v. Bayly, Martin & Fay, Inc.*, 71 Wash.2d

16    679, 684, 430 P.2d 600 (1967) quoting *Quigley v. Spano Crane Sales & Serv., Inc.*, 70 Wn.2d

17    198, 422 P.2d 512 (1967).

18    The Defendants initiated phone call solicitations to Plaintiff and other residents of

19    Washington State, and they knew a significant fraction of the phone calls would be to

20    Washington State residents, establishing jurisdiction here.  *Nixon v. Cohn*, 62 Wn.2d 987, 385

21    P.2d 305 (1963)).

22    Plaintiff is suing in part under federal statute the Telephone Consumer Protection Act of

23    1991, known as the TCPA, giving rise to a lawsuit that may be brought in State or Federal Court

24    pursuant to *Mims v. Arrow Fin. Services, LLC.*

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE    - 3 / 25
BARTON V DIGITAL THRIVE LLC ET AL

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1

## IV.    STATEMENT OF CLAIM

2      Plaintiff is the subscriber of the phone number that received the calls.  Plaintiff uses the

3   telephone number that received the calls as a residential telephone line.  Plaintiff answered each

4   telephone call specifically listed in the Complaint.  The phone was and is on a limited monthly

5   service plan, with each phone usage subtracting from a fixed amount available each month.

6   Therefore, each ringing call Plaintiff answered has an economic cost.

7      Plaintiff registered the phone number at issue on the FTC national *do-not-call* registry

8   more than 31 days before all calls at issue in this Complaint.

9      At no time relevant to this lawsuit did Plaintiff invite or consent to any medicare insurance

10   related solicitation calls from Digital Thrive or their Seller.  All the calls the Defendants initiated

11   to Plaintiff was for the purpose of encouraging Plaintiff to purchase goods or services.  None of

12   the calls were placed because of an emergency.  All times listed are Pacific Standard Time.

13                     **Unsolicited Telemarketing Call #1**

14      On October 9, 2021, Digital Thrive initiated a phone call to Plaintiff from (972) 787

15   1846.  In a pre-recorded or artificially generated voice, a lady said:

16      "This is the United Advisors calling to discuss your medicare options press 1 now to be

17   connected to a medicare specialist press 2 if you would like to schedule a call via text press . . .".

18      Digital Thrive initiated the call to encourage the purchase of goods or services.

19                     **Unsolicited Telemarketing Call #2**

20      On October 19, 2021, Digital Thrive sent Plaintiff a text message phone call from (215)

21   268 3221 which said:

22      "Friend, we can help to get you signed-up during this OpenEnrollment Period.. Lets get it

23   done today 1-888-341-0673 Reply Stop to Opt Out."

24      Digital Thrive sent the message to encourage the purchase of goods or services.

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE    - 4 / 25          NATHEN BARTON
BARTON V DIGITAL THRIVE LLC ET AL                                   4618 NW 11TH CIR
                                                                    CAMAS WA 98607

1

### Unsolicited Telemarketing Call #3

2   On October 26, 2021, Digital Thrive sent Plaintiff a text message phone call from (615)

3   701 4415 which said:

4   "MedicareNow: Friend your new Medicare enrollment signup is needed.  Our reps are

5   ready 1-888-687-0165 or STOP to end"

6   Digital Thrive sent the message to encourage the purchase of goods or services.

7   ### Unsolicited Telemarketing Call #4

8   On October 26, 2021, Digital Thrive sent Plaintiff a text message phone call from (615)

9   701 4415 which said:

10   "Medicare-Alerts: Friend we've been trying to reach you concerning your Medicare A/B.

11   Our team wants to review your choices 1-888-690 2465 or STOP to end"

12   Digital Thrive sent the message to encourage the purchase of goods or services.

13   ### Unsolicited Telemarketing Call #5 & #6

14   On November 2, 2021, Digital Thrive sent Plaintiff a text message phone call from (773)

15   945 9983 which said:

16   "Hi this is United Advisors checking in with you about your Medicare options.  If you

17   would like to speak to a Medicare specialist now, reply YES, if not you can reply NO or you can

18   reply STOP to opt out".

19   They immediately followed that up with a second text message from the same sending

20   number which said:

21   "and please let us know any time we can help, we're happy to assist you!  You can call us

22   here during normal business hours (773) 945-9983".

23   Digital Thrive sent the messages to encourage the purchase of goods or services.

24   ### Unsolicited Telemarketing Call #7

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE    - 5 / 25
BARTON V DIGITAL THRIVE LLC ET AL

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1         On November 2, 2021, Digital Thrive initiated a phone call to Plaintiff from (773) 945

2 9983.  In a pre-recorded or artificially generated voice, a lady said:

3         "This is the United Advisors calling to discuss your medicare options press 1 now to be

4 connected to a medicare specialist press 2 if you would like to schedule a call via text press 9 to

5 be added to our do not call list".

6         Digital Thrive initiated the call to encourage the purchase of goods or services.

7 **Unsolicited Telemarketing Call #8**

8         On November 2, 2021, Digital Thrive initiated a phone call to Plaintiff from (773) 945

9 9983.  Plaintiff missed the call.  Digital Thrive initiated the call to encourage the purchase of

10 goods or services.

11 **Unsolicited Telemarketing Call #9**

12         On November 3, 2021, Digital Thrive initiated a phone call to Plaintiff from (833) 861

13 1546.  In a pre-recorded or artificially generated voice, a lady said:

14         "Hi this is Jen from United Advisors on a recorded line.  I'm following up with a request.

15 I understand you might be looking into some medicare programs that could decrease your health

16 care costs.  Is that correct?  Press 1 for yes, press 2 for no.  Press 3 to opt out".  The caller ended

17 the call by hanging up.

18         Digital Thrive initiated the call to encourage the purchase of goods or services.

19 **Unsolicited Telemarketing Call #10**

20         On November 3, 2021, Digital Thrive sent Plaintiff a text message phone call from (332)

21 895 1315 which said:

22         "MedicareNow: Friend your new Medicare enrollment signup is needed.  Our reps are

23 ready 1-888-306-0661 or STOP to end".

24         Digital Thrive sent the message to encourage the purchase of goods or services.

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE   - 6 / 25        NATHEN BARTON
BARTON V DIGITAL THRIVE LLC ET AL                4618 NW 11TH CIR
                                                               CAMAS WA 98607

1

**Unsolicited Telemarketing Call #11**

2     On November 3, 2021, Digital Thrive sent Plaintiff a text message phone call from (470)

3  597 5657 which said:

4     "MedicareSpecialist: Friend we'd like to speak with you about your Medicare choices.

5  You can reach us at 1-888-306-0703 or STOP to end".

6     Digital Thrive sent the message to encourage the purchase of goods or services.

7     **Unsolicited Telemarketing Call #12**

8     On November 4, 2021, Digital Thrive sent Plaintiff a text message phone call from (817)

9  512 9259 which said:

10     "Friend we want to chat about your Medicare-Plan Enrollment.  Our team can speed you

11  through the process 1-888-681-6481 Reply Stop to Opt Out".

12     Digital Thrive sent the message to encourage the purchase of goods or services.

13     **Unsolicited Telemarketing Call #13**

14     On November 4, 2021, Digital Thrive sent Plaintiff a text message phone call from (878)

15  227 8522 which said:

16     "MedicareGuides: Friend please contact us today to start your new Medicare enrollment

17  process 1-888-306-2946 or STOP to end".

18     Digital Thrive sent the message to encourage the purchase of goods or services.

19     **Unsolicited Telemarketing Call #14**

20     On November 4, 2021, Digital Thrive initiated a phone call to Plaintiff from (833) 849

21  0574.  In a pre-recorded or artificially generated voice, a lady said:

22     "Hi this is Jen from United Advisors on a recorded line.  I'm following up with a request.

23  I understand you might be looking into some medicare programs that could decrease your health

24  care costs.  Is that correct?  Press 1 for yes, press 2 for no.  Press 3 to opt out".

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE     - 7 / 25
BARTON V DIGITAL THRIVE LLC ET AL

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1    Digital Thrive initiated the call to encourage the purchase of goods or services.

2                    **Unsolicited Telemarketing Call #15**

3    On November 5, 2021, Digital Thrive sent Plaintiff a text message phone call from (339)

4    204 5709 which said:

5    "Specialist: Friend are you ready for your new Medicare plan?  Our team can help you

6    doublecheck 1-888-502-1346 or STOP to end".

7    Digital Thrive sent the message to encourage the purchase of goods or services.

8                    **Unsolicited Telemarketing Call #16**

9    On November 5, 2021, Digital Thrive initiated a phone call to Plaintiff from (833) 869

10   0462.  In a pre-recorded or artificially generated voice, a lady said:

11   "Hi this is Jen from United Advisors on a recorded line.  I'm following up with a request.

12   I understand you might be looking into some medicare programs that could decrease your health

13   care costs.  Is that correct?  Press 1 for yes, press 2 for no.  Press 3 to opt out".

14   Digital Thrive initiated the call to encourage the purchase of goods or services.

15                   **Unsolicited Telemarketing Call #17**

16   On November 8, 2021, Digital Thrive initiated a phone call to Plaintiff from (844) 544

17   1699.  In a pre-recorded or artificially generated voice, a lady said:

18   "Hi this is Jen from United Advisors on a recorded line.  I'm following up with a request.

19   I understand you might be looking into some medicare programs that could decrease your health

20   care costs.  Is that correct?  Press 1 for yes, press 2 for no.  Press 3 to opt out".

21   Digital Thrive initiated the call to encourage the purchase of goods or services.

22                   **Unsolicited Telemarketing Call #18**

23   On November 9, 2021, Digital Thrive initiated a phone call to Plaintiff from (972) 787

24   1846.  In a pre-recorded or artificially generated voice, a lady said:

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE    - 8 / 25          NATHEN BARTON
BARTON V DIGITAL THRIVE LLC ET AL                                  4618 NW 11TH CIR
                                                                   CAMAS WA 98607

1    "This is the United Advisors calling to discuss your medicare options press 1 now to be

2  connected to a medicare specialist press 2 if you would like to schedule a call via text press 9 to

3  be added to our do not call list".

4    Digital Thrive initiated the call to encourage the purchase of goods or services.

5                         **Unsolicited Telemarketing Call #19**

6    On November 10, 2021, Digital Thrive initiated a phone call to Plaintiff from (855) 910

7  1716.  In a pre-recorded or artificially generated voice, a lady said:

8    "Hi this is Jen from United Advisors on a recorded line.  I'm following up with a request.

9  I understand you might be looking into some medicare programs that could decrease your health

10  care costs.  Is that correct?  Press 1 for yes, press".  Plaintiff hung up.

11    Digital Thrive initiated the call to encourage the purchase of goods or services.

12                         **Unsolicited Telemarketing Call #20**

13    On November 10, 2021, Digital Thrive initiated a phone call to Plaintiff from (972) 787

14  1846.  In a pre-recorded or artificially generated voice, a lady said:

15    "This is the United Advisors calling to discuss your medicare options press 1 now to be

16  connected to a medicare specialist press 2 if you would like . . .".  Plaintiff hung up.

17    Digital Thrive initiated the call to encourage the purchase of goods or services.

18                         **Unsolicited Telemarketing Call #21**

19    On November 11, 2021, Digital Thrive sent Plaintiff a text message phone call from

20  (339) 204 5709 which said:

21    "EnrollmentReps: Friend Enrollment Specialists are standing by.  We can get you setup

22  today!  1-888-502-1286 or STOP to end".

23    Digital Thrive sent the message to encourage the purchase of goods or services.

24                         **Unsolicited Telemarketing Call #22**

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE    - 9 / 25
BARTON V DIGITAL THRIVE LLC ET AL

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1       On November 11, 2021, Digital Thrive initiated a phone call to Plaintiff from (855) 912

2   1720.  In a pre-recorded or artificially generated voice, a lady said:

3       "Hi this is Jen from United Advisors on a recorded line.  I'm following up with a request.

4   I understand you might be looking into some medicare programs that could decrease your health

5   care costs.  Is that correct?  Press 1 for yes, press 2 for no.  Press 3 to opt out".  Plaintiff hung up.

6       Digital Thrive initiated the call to encourage the purchase of goods or services.

7                        **Unsolicited Telemarketing Call #23**

8       On November 11, 2021, Digital Thrive initiated a phone call to Plaintiff from (972) 787

9   1846.  In a pre-recorded or artificially generated voice, a lady said:

10      "This is the United Advisors calling to discuss your medicare options press 1 now to be

11  connected to a medicare specialist press 2 if you would like to schedule a call via text press . . .".

12      Digital Thrive initiated the call to encourage the purchase of goods or services.

13      On the same day Plaintiff called this (972) 787 1846 number back from a different phone

14  number.  Plaintiff reached a "The United Advisors".  Eventually they transferred the call to

15  SelectQuote Insurance Services.

16      SelectQuote Insurance Services has informed Plaintiff that Digital Thrive, LLC

17  transferred this call to SelectQuote Insurance Services, therefore it is Digital Thrive who has

18  been responsible for initiating all of the "United Advisors" calls and calls from (972) 787 1846 to

19  Plaintiff.

20                       **Unsolicited Telemarketing Call #24**

21      On November 12, 2021, Digital Thrive initiated a phone call to Plaintiff from (972) 284

22  7892.  In a pre-recorded or artificially generated voice, a lady said:

23

24

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE     - 10 / 25          NATHEN BARTON
BARTON V DIGITAL THRIVE LLC ET AL                                     4618 NW 11TH CIR
                                                                     CAMAS WA 98607

1    "This is Advanced Consultants following up on your inquiry for medicare options.  Press

2    1 now to be connected to a medicare specialist press 2 to schedule a call by text for a different

3    time press 9 to be added to the do not call list."

4    Digital Thrive initiated the call to encourage the purchase of goods or services.

5    **Unsolicited Telemarketing Call #25**

6    On November 12, 2021, Digital Thrive initiated a phone call to Plaintiff from (972) 284

7    7892.  In a pre-recorded or artificially generated voice, a lady said:

8    "This is Advanced Consultants calling to discuss your medicare options.  Press 1 now to

9    be connected to a medicare specialist press 2 if you would to schedule a call via text press 9 to

10    [unintelligible] our do not call list."

11    Digital Thrive initiated the call to encourage the purchase of goods or services.

12    **Unsolicited Telemarketing Call #26**

13    On November 12, 2021, Digital Thrive initiated a phone call to Plaintiff from (972) 284

14    7892.  In a pre-recorded or artificially generated voice, a lady said:

15    "This is Advanced Consultants calling to discuss your medicare options.  Press 1 now to

16    be connected to a medicare specialist press 2 if you would to schedule a call via text press 9 to

17    added to our do not call list."

18    Digital Thrive initiated the call to encourage the purchase of goods or services.

19    **Unsolicited Telemarketing Call #27**

20    On November 13, 2021, Digital Thrive initiated a phone call to Plaintiff from (972) 284

21    7892.  Plaintiff did not answer it.  Digital Thrive initiated the call to encourage the purchase of

22    goods or services.

23    **Unsolicited Telemarketing Call #28**

24

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE    - 11 / 25          NATHEN BARTON
BARTON V DIGITAL THRIVE LLC ET AL                                    4618 NW 11TH CIR
                                                                     CAMAS WA 98607

1    On November 13, 2021, Digital Thrive initiated a phone call to Plaintiff from (972) 525

2    8925. In a pre-recorded or artificially generated voice, a lady said:

3    "This is Advanced Consultants following up on your inquiry for medicare options. Press

4    1 now to be connected to a medicare specialist press 2 . . . ".

5    Digital Thrive initiated the call to encourage the purchase of goods or services.

6    **Unsolicited Telemarketing Call #29**

7    On November 14, 2021, Digital Thrive initiated a phone call to Plaintiff from (972) 525

8    8925. Plaintiff did not answer it. Digital Thrive initiated the call to encourage the purchase of

9    goods or services.

10    **Unsolicited Telemarketing Call #30**

11    On November 14, 2021, Digital Thrive initiated a phone call to Plaintiff from (855) 912

12    1710. In a pre-recorded or artificially generated voice, a lady said:

13    "Hi this is Jen from United Advisors on a recorded line. I'm following up with a request.

14    I understand you might be looking into some medicare programs that could decrease your health

15    care costs. Is that correct? Press 1 for yes, press 2 for no. Press 3 to opt out".

16    Digital Thrive initiated the call to encourage the purchase of goods or services.

17    **Unsolicited Telemarketing Call #31**

18    On November 14, 2021, Digital Thrive initiated a phone call to Plaintiff from (972) 284

19    7892. In a pre-recorded or artificially generated voice, a lady said:

20    "This is Advanced Consultants calling to help you [unintelligible] medicare plan. Press

21    one now to speak with a medicare specialist. Press 2 to schedule a time when you are available

22    via text. Press 9 to be added to our do not call list".

23    Digital Thrive initiated the call to encourage the purchase of goods or services.

24    **Unsolicited Telemarketing Call #32**

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE    - 12 / 25

BARTON V DIGITAL THRIVE LLC ET AL

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

On November 15, 2021, Digital Thrive initiated a phone call to Plaintiff from (833) 399 2878.  In a pre-recorded or artificially generated voice, a lady said:

"Hi this is Jen from United Advisors on a recorded line.  I'm following up with a request.  I understand you might be looking into some medicare programs that could decrease your health care costs.  Is that correct?  Press 1 for yes, press 2 for no.  Press 3 to opt out".

Digital Thrive initiated the call to encourage the purchase of goods or services.

**Unsolicited Telemarketing Call #33**

On November 15, 2021, Digital Thrive initiated a phone call to Plaintiff from (833) 514 0827.  In a pre-recorded or artificially generated voice, a lady said:

"Hi this is Jen from United Advisors on a recorded line.  I'm following up with a request.  I understand you might be looking into some medicare programs that could decrease your health care costs.  Is that correct?  Press 1 for yes, press 2 for no.  Press 3 to opt out".

Digital Thrive initiated the call to encourage the purchase of goods or services.

**Unsolicited Telemarketing Calls #34-36**

On November 15, 2021, Digital Thrive initiated three phone calls, one or two minutes apart, to Plaintiff from (972) 284 7892.  In each of the three calls, in a pre-recorded or artificially generated voice, a lady said:

"This is Advanced Consultants calling to discuss your medicare options.  Press 1 now to be connected to a medicare specialist press 2 if you would to schedule a call via text press 9 to added to our do not call list.".

Digital Thrive initiated the calls to encourage the purchase of goods or services.

**Unsolicited Telemarketing Calls #37-38**

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE    - 13 / 25
BARTON V DIGITAL THRIVE LLC ET AL

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

On November 15, 2021, Digital Thrive initiated two phone calls, two minutes apart, to Plaintiff from (972) 525 8925.  In each of the two calls, in a pre-recorded or artificially generated voice, a lady said:

"This is Advanced Consultants calling to discuss your medicare options.  Press 1 now to be connected to a medicare specialist press 2 if you would to schedule a call via text press 9 to added to our do not call list.".

Digital Thrive initiated the calls to encourage the purchase of goods or services.

**Unsolicited Telemarketing Call #39**

On November 16, 2021, Digital Thrive initiated a phone call to Plaintiff from (833) 399 2880.  In a pre-recorded or artificially generated voice, a lady said:

"Hi this is Jen from United Advisors on a recorded line.  I'm following up with a request.  I understand you might be looking into some medicare programs that could decrease your health care costs.  Is that correct?  Press 1 for yes, press 2 for no.  Press 3 to opt out".

Digital Thrive initiated the call to encourage the purchase of goods or services.

**Unsolicited Telemarketing Call #40**

On November 16, 2021, Digital Thrive initiated a phone call to Plaintiff from (833) 516 2436.  In a pre-recorded or artificially generated voice, a lady said:

"Hi this is Jen from United Advisors on a recorded line.  I'm following up with a request.  I understand you might be looking into some medicare programs that could decrease your health care costs.  Is that correct?  Press 1 for yes, press 2 for no.  Press 3 to opt out".

Digital Thrive initiated the call to encourage the purchase of goods or services.

**Unsolicited Telemarketing Call #41**

On November 16, 2021, Digital Thrive sent Plaintiff a text message phone call from (864) 502 1157 which said:

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE     - 14 / 25
BARTON V DIGITAL THRIVE LLC ET AL

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1    "EnrollmentHelp: Friend have you finished your Medicare signup?  If not our specialists

2    can make it as simple as possible 1-844-544-1271".

3    Digital Thrive sent the message to encourage the purchase of goods or services.

**Unsolicited Telemarketing Call #42**

5    On November 16, 2021, Digital Thrive initiated a phone call to Plaintiff from (844) 700

6    0564.  In a pre-recorded or artificially generated voice, a lady said:

7    "Hi this is Jen from United Advisors on a recorded line.  I'm following up with a request.

8    I understand you might be looking into some medicare programs that could decrease your health

9    care costs.  Is that correct?  Press 1 for yes, press 2 for no.  Press 3 to opt out".

10    Digital Thrive initiated the call to encourage the purchase of goods or services.

**Unsolicited Telemarketing Call #43**

12    On November 28, 2021, Plaintiff played the voicemails for his phone.  One message was

13    from Digital Thrive.  In a pre-recorded or artificially generated voice, a lady said:

14    ". . . health care costs.  Is that correct?  Press 1 for yes, press 2 for no.  Press 3 to opt out".

15    The lady's voice and manner of speaking matched "Jen" from the other calls with this same

16    calling script from Digital Thrive.  The message did not include a toll-free "opt out" number.

17    Digital Thrive initiated the call to encourage the purchase of goods or services.

**Unsolicited Telemarketing Call #44**

19    On November 28, 2021, Plaintiff played the voicemails for his phone.  One message was

20    from Digital Thrive.  In a pre-recorded or artificially generated voice, a lady said:

21    "Hey it's Jen with the United Advisors.  Give me a call back.  We have great medicare

22    options that can help you save money.  Thanks!  [in a different woman's voice] call 1 773 945

23    9983".  The message did not include a toll-free "opt out" number.

24    Digital Thrive initiated the call to encourage the purchase of goods or services.

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE    - 15 / 25          NATHEN BARTON
BARTON V DIGITAL THRIVE LLC ET AL                                    4618 NW 11TH CIR
                                                                     CAMAS WA 98607

1        **All of the pre-recorded or artificially generated voices calls are from Digital Thrive**

2            Plaintiff knows the calls are using pre-recorded or artificially generated voice because

3   they make simple announcements, only accept button press responses, generally are identical to

4   other calls, and the impersonal nature of each call.  They do not have a personalized greeting and

5   none of these calls invite verbal responses.

6            The calls from "Jen" with United Advisors uses a voice that sounds exactly like the pre-

7   recorded or artificially generated voice calls from Advanced Consultants.  Portions of the calling

8   script are the same.  Digital Thrive placed all of these calls to Plaintiff.

9                        **Jennifer and Paul are Personally Liable**

10          This complaint demonstrates a pattern of Digital Thrive using robocalls to drum up

11  business and using fake names to identify themselves, then passing the caller off to another

12  entity.  During one call to Digital Thrive, the agent claimed Digital Thrive used the website

13  UnitedHealthcare.com and the agent did not identify their true business name.  Digital Thrive

14  does not and never did business through UnitedHealthcare.com.

15          This is because the agents working for Digital Thrive are aware their phone calls are

16  illegal, and they have been trained to resist identifying the company.

17          At all times material to the Complaint, acting alone or in concert with others, Defendants

18  Jennifer Mansfield and Paul Mansfield ("the Mansfields") formulated, directed, controlled, had

19  the authority to control, or participated in the acts and practices of Defendant Digital Thrive

20  including the acts or practices set forth in this Complaint.

21          Defendants the Mansfields are the principal directors and operators of Defendant Digital

22  Thrive and controls the day-to-day operations of Digital Thrive and directed the employees,

23  agents, salespersons, and solicitors to make TCPA violating phone calls.

24

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1    Defendants the Mansfields approved the telemarketing scripts, signed the contracts, paid

2    commissions for the illegal behavior, and directed the illegal calls to be made for their financial

3    benefit.

4    Defendant the Mansfields are well aware their conduct violated the TCPA and refuses to

5    alter their behavior.  The Mansfields are the most influential managers and directors of Digital

6    Thrive and the only persons with the power to make the unlawful, fraudulent, and unethical

7    behavior stop.  Yet, they have taken no steps to stop the behavior because the behavior benefits

8    them financially.  Defendants the Mansfields breaks the law with their eyes and pocketbooks

9    wide open.

10    Defendants the Mansfields should be held liable because to do otherwise would simply

11    allow the Mansfields to simply dissolve Digital Thrive ,walk away, and set up a new corporation

12    and repeat their conduct.  This would result in both the TCPA and Washington State

13    telemarketing law being unenforceable.

14    Most Courts have allowed corporate officers to be held personally liable for the acts of

15    the corporation if the offers were personally involved in the wrongdoing.

16    The Digital Thrive corporation was used by the Mansfields in an attempt to use a

17    corporation to shield themselves from personal liability of illegal telemarketing.

18    Although the Ninth Circuit has not ruled on this issue, numerous district courts have held

19    that corporate actors may be held individually liable for violating the TCPA where they "'had

20    direct, personal participation in or personally authorized the conduct found to have violated the

21    statute.'" *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, No. 3:12-CV2257, 2014 WL

22    1333472, at *3 (ND Ohio Mar. 28, 2014), quoting *Texas v. Am. Blastfax, Inc.*, 164 F Supp2d

23    892, 898 (WD Tex 2001); see also *Jackson Five Star Catering, Inc. v. Beason*, No. 10-10010,

24    2013 WL 5966340, at *4 (ED Mich Nov. 8, 2013) (personal participation in the payment for and

1  authorization of fax ads is sufficient to render a corporate officer liable under the TCPA); *Van*

2  *Sweden Jewelers, Inc. v. 101 VT, Inc.*, No. 1:10-cv-253, 2012 WL 4074620 (WD Mich June 21,

3  2012); *Maryland v. Universal Elections*, 787 F Supp2d 408, 415-16 (D Md 2011) ("[I]f an

4  individual acting on behalf of a corporation could avoid individual liability, the TCPA would

5  lose much of its force."); *Versteeg v. Bennett, Deloney & Noyes, P.C.*, 775 F Supp2d 1316, 1321

6  (D Wyo 2011); *Baltimore-Wash. Tel. Co. v. Hot Leads Co.*, 584 F Supp2d 736, 745 (D Md 2008)

7  (observing that if the defendants, who were the same defendants as in American Blastfax,

8  "actually committed the conduct that violated the TCPA, and/or . . . actively oversaw and

9  directed the conduct," they could be held individually liable for the statutory violations);

10 *Covington & Burling v. Int'l Mktg. & Research, Inc.*, No. CIV A 01-0004360, 2003 WL

11 21384825, at *6 (DC Super Apr. 17, 2003) (holding that corporate executives were personally

12 liable because they "set company policies and [oversaw] day-to-day operations" and were

13 "clearly involved in the business practices" that violated the TCPA). Where courts have declined

14 to find personal liability, there has been little evidence of the corporate officer's direct

15 participation in the wrongdoing. See, e.g., *Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-

16 61936-CIV-SCOLA, 2013 WL 1283885 (SD Fla Mar. 27, 2013).  *Physicians*

17 *Healthsource, Inc. v. A-S Medication Solutions, LLC*, 950 F.3d 959 (7th Cir. 2020).  *Dickey v.*

18 *Vital One Health Plans Direct, LLC*, No. 1:18-cv-01399-DAD-BAM, 2019 U.S. Dist. LEXIS

19 140350 (E.D. Cal. Aug. 18, 2019).  *Schumacher v. Capital Advance Solutions, LLC*, No. H-18-

20 0436, 2019 U.S. Dist. LEXIS 34915 (S.D. Tex. Jan. 19, 2019).   *Pearson v. Porch*, Case No.

21 3:20-cv-697-JR, 2020 U.S. Dist. LEXIS 193929 (D. Or. Aug. 31, 2020).  Bais Yaakov of Spring

22 Valley' v. Graduation Source, LLC, No. 14 Civ. 3232, 2016 WL 1271692, at *5 (S.D.N.Y. Mar.

23 29, 2016).  Ramsey v. Receivables Performance Mgmt., LLC, Case No. 1:16-cv-1059, 2020 U.S.

24 Dist. LEXIS 236094 (S.D. Oh. December 15, 2020).  Mestas v. Chw Grp., No. 19-CV-792

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

MV/CG, 2020 U.S. Dist. LEXIS 236357 (D.N.M. Dec. 16, 2020). *Montelongo v. My Fin.*

*Solutions LLC*, No. SA-19-CV-00577-JKP, 2020 U.S. Dist. LEXIS 5755 (W.D. Tx. Jan. 14,

2020).

### Defendants are Unlicensed Commercial Telephone Solicitors

RCW 19.158.020 says:

(1) A "commercial telephone solicitor" is any person who engages in commercial telephone solicitation

(2) "Commercial telephone solicitation" means:
  (a) An unsolicited telephone call to a person initiated by a salesperson and conversation for the purpose of inducing the person to purchase or invest in property, goods, or services;

RCW 19.158.050(1) says in part:

"In order to maintain or defend a lawsuit or do any business in this state, a commercial telephone solicitor must be registered with the department of licensing."

Although RCW 19.158.050(3) says "The department of licensing shall issue a registration number to the commercial telephone solicitor.", in practice this Commercial Telephone Solicitor "registration number" appears as an endorsement on the business license issued by The Washington State Department of Revenue.

Digital Thrive is registered to do business in Washington State but does not have this endorsement on their business license. Digital Thrive acted as unlicensed commercial telephone solicitors.

### Defendants are Annoying the Public

The phone ringing and listening to pre-recorded or artificial voice calls where it takes time and annoyance to navigate the phone menu system to talk to a live person are obnoxious, an invasion of Plaintiff's privacy, a trespass into Plaintiff's property and seclusion, and a waste of time. Answering the phone takes time that could be spent doing other things, and these calls do

1  have a real, if small, cost in electricity and life of the phone.  These phone calls were initiated to

2  encourage Plaintiff to purchase goods or service.  Plaintiff received tons of calls and robocalls

3  that did not need and did not want.

4                            **V.    RELIEF**

5                          **Federal Law**

6              **TCPA 47 U.S.C. 227 & 47 C.F.R § 64.1200**

7        Plaintiffs phone number at issue was at all relevant times registered on the FTC *do-not-*

8  *call* list more than 30 days before the alleged solicitations.  Plaintiff does not have any

9  relationship with the Defendants by which they could legally phone solicit Plaintiff for any

10  reason.

11        Defendants violated the regulations governing the TCPA, 47 C.F.R § 64.1200, and TCPA

12  47 U.S.C. 227(c) by calling or texting Plaintiff's cellular telephone number at least twice in a 12

13  month period without invitation or consent when that number was registered on the FTC's do-

14  not-call list more than 30 days prior to each call.

15        47 U.S.C. 227(b) – Restrictions on the use of automated telephone equipment – says:

16  (1)        PROHIBITIONS.—**It shall be unlawful for any person** within the United
              States, or any person outside the United States if the recipient is within the United

17              States—

18          (A)      **to make any call** (other than a call made for emergency purposes or made
                      with the prior express consent of the called party) **using** any automatic

19                    telephone dialing system or **an artificial or prerecorded voice**—
            (iii)    **to any telephone number assigned to a** paging service, **cellular**

20                    **telephone service**, specialized mobile radio service, or other radio
                      common carrier service, or any service for which the called party is

21                    charged for the call;

22        Defendants violated 47 U.S.C. 227(b) by calling Plaintiff's cellular telephone number

23  without consent, while using an artificial or prerecorded voice.

24

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at § 64.1200(d)(4).

Defendant violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

Defendants violated 47 C.F.R § 64.1200(a)(9)(ii)(E) by leaving two voicemails without providing a toll-free "opt out" number.

## Washington State Law

### RCW 19.158

Defendants were not registered as Commercial Telephone Solicitors with the Washington State Department of Licensing when any of the solicitation calls were placed to Plaintiff, in violation of RCW 19.158.050(1).

Defendants violated Washington State RCW 19.158.150 times by soliciting Plaintiff on his cell phone while they were not registered on with the Washington State Department of Licensing as Commercial Telephone Solicitors, or while working on behalf of an unregistered Commercial Telephone Solicitor.

Washington State RCW 19.158.110(1) says:

Within the first minute of the telephone call, a commercial telephone solicitor or salesperson shall:

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE      - 21 / 25
BARTON V DIGITAL THRIVE LLC ET AL

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

      (a)     Identify himself or herself, the company on whose behalf the solicitation is being made, the property, goods, or services being sold;

The Defendants did not identify a legitimate company name in the first 60 seconds of many calls Defendants initiated to Plaintiff, and there was conversation.

Washington State RCW 19.158.110(2) says:

If at any time during the telephone contact, the purchaser states or indicates that he or she

does not wish to be called again by the commercial telephone solicitor or wants to have his or her name and individual telephone number removed from the telephone lists used by the commercial telephone solicitor:

(a) The commercial telephone solicitor shall not make any additional commercial telephone solicitation of the called party at that telephone number within a period of at least one year;

The Defendants called Plaintiff within a period of one year after Plaintiff asked for Plaintiff's number to be removed from the telephone lists used by Defendants.

### RCW 80.36.390(2)

Washington State RCW 80.36.390(2) says

A person making a telephone solicitation must identify him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first thirty seconds of the telephone call.

The Defendants failed to identify the company behind the solicitation within the first 30 seconds of the phone calls.

### RCW 80.36.400

Washington State RCW 80.36.400(2) states:

"No person may use an automatic dialing and announcing device for purposes of commercial solicitation. This section applies to all commercial solicitation intended to be received by telephone customers within the state."

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE   - 22 / 25
BARTON V DIGITAL THRIVE LLC ET AL

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1     Defendants violated Washington State RCW 80.36.400(2) many times by calling

2     Plaintiff's cellular telephone number without consent, while using an automatic dialing and

3     announcing device for commercial solicitation.

4     RCW 80.36.400 defines "Commercial solicitation means the unsolicited initiation of a

5     telephone conversation for the purpose of encouraging a person to purchase property, goods, or

6     services."

7                             **RCW 19.190**

8     Washington State RCW 19.190.060(1) prohibits anyone conducting business in

9     Washington State from initiating the transmission of an electronic commercial text message to a

10     telephone number assigned to a Washington state resident's cell phone.

11     The Washington State legislature determined that "[d]amages to the recipient of a . . .

12     commercial electronic text message sent in violation of this chapter are five hundred dollars, or

13     actual damages, whichever is greater." RCW 19.190.040(1).

14     The Washington State legislature clearly stated that the sending of an email message

15     prohibited by CEMA is a violation of the Consumer Protection Act (RCW 19.190.030(1))

16     The legislative history of RCW 19.190 states that the recipient of both commercial email

17     messages and commercial text messages "may bring a civil action against the sender for the

18     greater of $500 or actual damages." Wash. Final Bill Rep., 1998 Reg. Sess. H.B. 2752 (Apr. 6,

19     1998); Wash. Final Bill Rep., 2003 Reg. Sess. H.B. 2007 (June 27, 2003). Having now

20     determined that there is no private right of action under CEMA, the only way to give effect to the

21     legislature's stated intent is to construe the liquidated damages provision as establishing the

22

23

24

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE   - 23 / 25      NATHEN BARTON
BARTON V DIGITAL THRIVE LLC ET AL                        4618 NW 11TH CIR
CAMAS WA 98607

1    injury and causation elements of a CPA claim.  *Gragg v. Orange Cab Company et al*, No.

2    2:2012cv00576 - Document 162 (W.D. Wash. 2015)[1]

3        The Defendants texted Plaintiff many times in violation of the law.

4                                    **Treble Damages**

5        Plaintiff believes the record shows that Defendants' violations of the law were willful or

6    knowing.  Plaintiff was or should have already been on Digital Thrive's internal do-not-call list

7    before they ever called him the first time.  The Defendants failed to identify themselves within

8    30 seconds, robocalled without consent, left a pre-recorded or artificial voice telephone calls on

9    Plaintiff's voicemail without giving an "opt out" number, and generally ignored the law.  Digital

10    Thrive has been sued before for unsolicited calls, and Digital Thrive brings in so much revenue

11    from the illegal calls that the Court should triple the statutory damages to reform their future

12    advertising efforts.

13        Therefore, Plaintiff asks for treble damages under TCPA 47 U.S.C. 227, and the

14    presumption that violations of RCW 80.36.400 and RCW 19.158.030 triple damages under the

15    Washington State Unfair Business Practices Act RCW 19.86.

16                                    **Injunctive Relief**

17        TCPA 47 U.S.C. 227(b)(3)(A) and 47 U.S.C. 227(c)(5)(A) allows "an action based on a

18    violation of the regulations prescribed under this subsection to enjoin such violation"

19        Plaintiff is not unique – he simply had the misfortune to be targeted by Defendants' mass

20    calling machine.  It is reasonable to believe that Defendants have done this many times in the

21    past and will continue harming the residents of this State and other States in the future.

22

23

24    _____
[1] https://cases.justia.com/federal/district-courts/washington/wawdce/2:2012cv00576/183407/162/0.pdf?ts=1447174101

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE    - 24 / 25          NATHEN BARTON
BARTON V DIGITAL THRIVE LLC ET AL                                    4618 NW 11TH CIR
                                                                     CAMAS WA 98607

1    Plaintiff asks this Court to enjoin the Defendants from further violations of State and

2   Federal telemarketing laws.

3                          **All other Possible Damages**

4    Plaintiff is not asking for actual damages due to telemarketing law violations but does ask

5   for all possible statutory damages that he might be entitled too.  Other damages prayed for are

6   court costs, taxable litigation costs, and attorney fees (should he retain an attorney).

7

8    I declare under penalty of perjury under the laws of the state of Washington that the

9   foregoing is true and correct.

10

Signed at Vancouver, WA on ___10/18/2022___

11

12              (Nathen Barton)

13  Nathen Barton
    BlueWind33@Protonmail.com
14  (718) 710-5784
    4618 NW 11th Cir
15  Camas WA 98607

16

17

18

19

20

21

22

23

24

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE    - 25 / 25          NATHEN BARTON
BARTON V DIGITAL THRIVE LLC ET AL                                    4618 NW 11TH CIR
                                                                     CAMAS WA 98607